# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE CHARNIK,** | Civil Action No. 2:22-cv-1154 |
| Plaintiff, | **TYPE OF PLEADING**: |
| | *COMPLAINT.* |
| | *Section 1983 Civil Rights Action* |
| VS. | **FILED ON BEHALF OF**: The Plaintiff. |
| **NICHOLAS POWELL**, in his Individual Capacity as a Police Officer for the City of Washington Police Department, | **COUNSEL OF RECORD:** |
| and | Frank Walker II, Esquire<br>3000 N. Lewis Run Road<br>Clairton, PA 15025 |
| **First Name Unknown POWELL**, in his Individual Capacity as a Police Officer for the City of Washington Police Department. | PA ID 94840 |
| | 412.405.8556 phone<br>412.202.9193 fax |
| Defendants. | frank@frankwalkerlaw.com |

August 8, 2022

**JURY TRIAL DEMANDED.**

## COMPLAINT.

**AND NOW COMES** the Plaintiff, Jesse Charnik, by and through his attorney, Frank Walker of Frank Walker Law, and files this Complaint and in support avers as follows:

## THE PARTIES.

1. Plaintiff is an adult individual residing in the Western District of Pennsylvania.

2. Defendant Nicholas Powell, in his Individual Capacity, is an adult individual who was at all times material acting under color of state law in his capacity as a Police Officer/Patrolman for the City of Washington, Pennsylvania Police Department which is located within the Western District.

3. Defendant first name unknown Powell, in his Individual Capacity, is an adult individual who was at all times relevant acting under color of state law in his capacity as an Officer for the City of Washington, Pennsylvania Police Department which is located within the Western District. Powell was the partner of Officer Paul Becker of the City of Washington Police Department who encountered the Plaintiff in the Get Go and fired at the Plaintiff while inside the Get-Go on the date in question.

## JURISDICTION AND VENUE.

4. This action arises under the Constitution of the United States of America, particularly the Fourth Amendment to the Constitution of the United States of America, and under the laws of the United States of America, particularly the Civil Rights Act Title 42, U.S.C.§ 1983.

5. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. § 1331.

6. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391 because the Defendant's unlawful actions giving rise to the claims occurred in this District.

## STATEMENT OF THE CLAIM.

7. The above paragraphs are incorporated herein as though set forth fully.

8. On August 9, 2020, the Plaintiff was a customer at the Get-Go on Wylie Avenue in Washington, PA, 15301.

9. The Defendant and his partner, Patrolman Paul Becker, on duty and in full uniform, entered the Get Go and approached Charnik. Charnik was under suspicion of stealing a bicycle.

10. The Defendant and Becker began trying to place Charnik under arrest.

11. Charnik's encounter involved the Defendant and Patrolman Becker physically grappling with Charnik.

12. Charnik was wearing a t-shirt, pants, and tennis shoes.

13. Charnik had no gun nor any weapon of any kind on his person.

14. Charnik's resistance was passive rather than active - at no time did he try to punch or kick either Officer. Instead, he squirmed away from them.

15. Further, Charnik at no time made any movements which would lead the Defendant to believe that Charnik had a weapon.

16. Charnik, who had broken free from the Officers, pushed an interior door open and proceeded through a doorway which led to an office/area also situated inside the store.

17.     Defendant Officer/Patrolman Powell, with no justification whatsoever, including that Charnik was merely under suspicion of stealing a bicycle, engaged in passive rather than active resistance, made no verbal threats to either officer, possessed no weapon and made no movements which would lead a reasonable police officer to believe Charnik possessed a weapon, then pulled his gun from his holster and fired one shot at Charnik, chest/waist-high, missing Charnik's body by mere inches.

18.     The Plaintiff realized that Defendant Powell fired at him, and that the bullet missed striking the Plaintiff by inches.

19.     The Defendant and his partner Becker chased Charnik after unreasonably shooting at him.

20.     The Defendant and Becker then physically apprehended Charnik in the store and took him into custody.

21.     Charnik was charged with theft of a bicycle, resisting arrest, simple assault.

22.     As a direct result of this unlawful use of force by Defendant Powell, the Plaintiff sustained, *inter alia*, the following injuries:

        a.    terror;

        b.    fright;

        c.    emotional distress;

        d.    severe emotional distress;

        e.    the very real fear of being shot;

        f.    the fear of dying;

        g.    anxiety;

        h.    mental anguish;

   i.  injuries to her arms, legs and hip area;

   j.  medical bills,

   k.  loss of the enjoyment of life and life's pleasures; and

   m.  the loss of back pay/benefits.

23. These injuries have been continuing from the date this happened to the present date and the emotional distress damages are expected to be permanent.

## COUNT I.
## THE PLAINTIFF VS. DEFENDANT POWELL; EXCESSIVE FORCE IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION; SECTION 1983 CIVIL RIGHTS VIOLATION.

24. The above paragraphs are incorporated as thought set forth fully.

25. Defendant Powell used unreasonable, excessive, deadly force by shooting at Charnik.

26. This shooting at Charnik constituted a seizure of the Plaintiff.

27. This use of deadly force was objectively unreasonable.

28. It was objectively unreasonable for, *inter alia*, the following reasons:

  a. Charnik was unarmed and made no movement which would lead Powell to reasonably believe that Charnik possessed a weapon;

  b. Charnik posed no immediate threat of harm of death or serious bodily injury to Defendant Powell or his partner, Becker.

  c. Charnik engaged in most in passive resistance, not active resistance of his arrest;

  d. Charnik did not verbally threaten Powell or his partner with any violence;

  e. clear, reasonable, less intrusive alternatives to the use of deadly force were available; and

  f. the force used was excessive in relation to the danger Charnik posed if left unattended.

29. Defendant Powell used unlawful, unreasonable excessive, deadly force in shooting at Charnik in the Get-Go in the middle of the afternoon.

30. Powell's use of deadly force was objectively unreasonable.

31. As a direct and proximate result of the Powell's' unlawful use of excessive force the Plaintiff has sustained the losses and harms specified earlier in this Complaint.

32. Accordingly, Defendant Powell is liable to Charnik for his unlawful use of deadly force.

33. Additionally, Powell acted with reckless indifference to Charnik's federally-protected constitutional right to be free from an unlawful seizure of his person by using excessive force.

34. The Plaintiff therefore demand punitive damages against this Defendant.

35. Defendant Powell is not entitled to qualified immunity because shooting at Charnik was objectively unreasonable.

36. No reasonable police officer in Powell's shoes would have believed that they were not violating Charnik's right to be free from unlawful seizure by shooting and possibly killing him.

   **WHEREFORE,** the Plaintiff demands judgment against this Defendant in an amount to be determined by a jury after a trial by jury, compensatory damages, punitive damages, interest, costs, attorney fees and any/all other relief as this Honorable Court may deem appropriate, whether legal or equitable.

<br>

Respectfully submitted,

*/s/ Frank Walker II*_____
Frank Walker, Esquire
Attorney for Plaintiff
3000 Lewis Run Road
Clairton, PA 15025
412.405.8556 – office
412.202.9193 - fax
frank@frankwalkerlaw.com

## VERIFICATION.

I, Jesse Charnik, hereby verify that the facts and statements made within are true and correct to the best of my knowledge, information and belief. I understand that false statements herein made are subject to the penalties of Title 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

*Date:  August 8, 2022*                                                                 */s/ Jesse Charnik*