**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSE CHARNIK, | ) | |
| | ) | No. 2:22-cv-1154 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Robert J. Colville |
| | ) | |
| NICHOLAS POWELL, in his Individual | ) | |
| Capacity as a Police Officer for the City of | ) | |
| Washington and FIRST NAME UNKNOWN | ) | |
| POWELL, in his Individual Capacity as a | ) | |
| Police Officer for the City of Washington | ) | |
| Police Department, | ) | |
| | | |
| Defendants, | | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendants Nicholas Powell, in his Individual Capacity as a Police Officer for the City of Washington Police Department ("Defendant Powell") and First Name Unknown Powell, in his Individual Capacity as a Police Officer for the City of Washington Police Department along with the Brief in Support (ECF No. 8). Defendants seeks dismissal with prejudice of all claims set forth in Plaintiff Jesse Charnik's one-count Complaint. (ECF No. 1). Plaintiff filed a Brief in Response (ECF No. 14). Defendants' Motion to Dismiss has been fully briefed and is ripe for disposition.

## I.    Introduction and Factual Background

### A.  Procedural History

This 42 U.S.C. § 1983 claim was initiated by Plaintiff on August 9, 2022, with the filing of a Complaint.  Count I alleges that Defendant Powell used excessive force in violation of the Fourth Amendment.  *Id.* at ⁋ 42.

### B.  Factual Background

In the Complaint, Plaintiff sets fort the following factual allegations relevant to the Court's consideration of the Motion at issue.

On August 9, 2020, Plaintiff was a customer at the Get-Go location on Wylie Avenue in Washington, Pennsylvania.  Compl. ⁋ 8.  On that day, Defendant Nicholas Powell, a police officer for the City of Washington, and his partner, Patrolman Paul Becker, entered the store and approached Plaintiff who was under suspicion of stealing a bicycle.  *Id.* at ⁋ 9.  Defendant Powell and Patrolman Becker attempted to place Plaintiff under arrest and were physically grappling with Plaintiff.  *Id.* at ⁋ 10-11.  Plaintiff was wearing a t-shirt, pants, and tennis shoes; had no gun or weapon; engaged in only passive resistance; and made no movements that would lead Defendant Powell to believe he had a weapon.  *Id.* at ⁋ 12-15.

Plaintiff broke away from Defendant Powell and Patrolman Becker and proceeded through a doorway that led to an office area situated inside the store.  *Id.* at ⁋ 16.  Defendant Powell then pulled his gun from his holster and fired one shot at Plaintiff which missed his body by mere inches.  *Id.* at ⁋ 17.  Defendant Powell and Patrolman Becker then physically apprehended Plaintiff and took him into custody.  *Id.* at ⁋ 20.  As a result of the force used by Defendant Powell, Plaintiff sustained the following injuries: terror; fright; emotional distress; severe emotional distress; the very real fear of being shot; the fear of dying; anxiety; mental anguish; injuries to his arms, legs,

and hip area; medical bills; loss of the enjoyment of life and life's pleasures; and the loss of back pay/benefits. *Id.* at ⁋ 22.

Therefore, Plaintiff alleges at Count I that Defendant Powell used excessive force in violation of the Fourth Amendment.  Specifically, Plaintiff alleges that Defendant Powell used excessive force when he shot at Plaintiff and that the shooting constituted a seizure of Plaintiff. *Id.* at ⁋ 25-26.  Plaintiff alleges the use of force was unreasonable because Plaintiff was not armed, posed no threat of harm, and only engaged in passive resistance.  *Id.* at ⁋ 28.

**II.     Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing

the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d

780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters

of public record, orders, exhibits attached to the complaint and items appearing in the record of

the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

When a document integral to or relied upon in the complaint is included, the court may also

consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.

1997).

### III.     Discussion

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated."  Therefore, "[t]o state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999).

Defendants raise three arguments as grounds for why the Court should dismiss Count I. First, Defendants argue that Count I should be dismissed because Defendant Powell accidentally discharged his weapon and, therefore, did not intend to shoot Plaintiff.  Mot. 4-5.  Second, Defendants argue that Plaintiff has not suffered any compensable or physical harm and, therefore, cannot allege an excessive force claim.  *Id.*  Third, Defendants argue that Plaintiff's claim is barred by the Supreme Court's holding in *Heck v. Humphrey*.  *Id.* at 5-6.  Plaintiff opposes each of these arguments.

In support of Defendants' argument that Plaintiff's claims must be dismissed because Defendant Powell accidentally discharged his weapon, Defendants cite to *Troublefield v. City of Harrisburg, Bureau of Police*, 789 F. Supp. 160 (M.D. Pa. 1992), aff'd, 980 F.2d 724 (3d Cir. 1992).  In *Troublefield*, the plaintiff alleged that an officer ordered him to lay on the ground and was in the process of applying handcuffs when the officer's gun was suddenly discharged.  *Id.* at 162.  The District Court dismissed the plaintiff's excessive force claim finding that "no fourth amendment rights ha[d] been trampled upon because [the officer] did not intend the bullet to bring the plaintiff within his control or to, perhaps settle him down were he struggling to break free."  *Id.* at 166.

While the Court acknowledges the holding in *Troublefield* generally, it is presented with distinctly different circumstances.  Here, as argued by Plaintiff, no reading of the Complaint would suggest to the Court that Defendant Powell accidently discharged his weapon.  Resp. 3-4.  Plaintiff clearly alleges that Defendant Powell was attempting to apprehend him and that upon Plaintiff breaking away from Defendant Powell, Defendant Powell pulled his gun from his holster and shot at, or, at a minimum, "within inches" of Plaintiff.  Compl. ¶¶ 17, 25, 29.  The Court, in a motion to dismiss, must accept the fact as alleged in the Complaint as true.  Any argument from Defendants concerning whether the gun was accidentally discharged is more appropriately made in a motion for summary judgment

Next, Defendants argue that Plaintiff's Complaint should be dismissed because he did not suffer compensable or physical harm because he was not struck by a bullet.  Mot. 4-5.  Defendants have not cited the Court to any case where a court held a plaintiff must allege physical harm in order to plead an excessive force claim.  Further, even if there was such a requirement, Plaintiff has clearly outlined numerous harms that he has suffered, including both emotional and physical harm.  Therefore, Defendant's motion to dismiss is denied on this ground.

Lastly, Defendants argue that Plaintiff's Complaint is barred by *Heck v. Humphry*.  The Court disagrees.  In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" no longer stands.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Third Circuit, however, is clear that "*Heck* does not typically bar actions for Fourth Amendment violations."  *Sanders v. Down*, 420 Fed. Appx. 175, 179 (3d Cir. 2011).  As explained by the Third Circuit in *El v. City of Pittsburgh*, 975 F.3d 327 (3d Cir. 2020), a plaintiff's "§ 1983 claim would

be barred by Heck if, in order to prevail, he needed to demonstrate that he did not [engage in the conduct for which he is convicted]."  975 F.3d at 339.  As argued by Plaintiff, there is no basis here by which the Court could determine that Plaintiff would need to demonstrate that his underlying conviction is invalid in order for him to prevail on his excessive force claim.  *See Id*; Resp. 5-6.  Therefore, Defendants' motion to dismiss is denied on this ground.

### IV.     Conclusion

For the reasons discussed above, the Court will deny Defendants' motion to dismiss.  An appropriate Order of Court will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: August 8, 2023

cc/ecf: All counsel of record